UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**
99 NOV 30 AM II: 01
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ADRIENNE CURRY, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. CV-96-S-1380-S |
| JESSE BROWN, SECRETARY, DEPARTMENT OF VETERAN AFFAIRS, | ) |
| Defendant. | ) |

**ENTERED**
NOV 3 0 1999

## MEMORANDUM OPINION

This action is before the court on a joint motion for entry of a consent order for payment of additional attorney's fees (Doc. No. 54), wherein the parties state that they have settled all issues raised by plaintiff's previous motion to enforce the settlement agreement (Doc. No. 51). The dispute centers around a settlement agreement, which provided for the payment of $50,000 and a reasonable attorney's fee to plaintiff's attorney of record, that was negotiated during the course of a jury trial and following a favorable plaintiff's verdict in the first phase of bifurcated trial proceedings.[1] The court dismissed this action with prejudice on October 30, 1998, after the parties notified the court of the settlement (Doc. No. 50).

---

[1] The trial proceedings were bifurcated into two separate trials: first, whether plaintiff timely filed a complaint in this court; and second, whether defendant was otherwise liable for plaintiff's allegations of sexual harassment. See pretrial order entered September 25, 1998 (Doc. No. 35), ¶ 9, at 5-7.



Neither party disputes the terms of the settlement. Rather, due to a mutual mistake between the parties, an incorrect amount was submitted to the Department of the Treasury for payment. Subsequent to the filing of plaintiff's motion to enforce the settlement agreement, the parties mutually agreed that an additional $8,525.00 is due to be paid to plaintiff, to fully compensate her attorney for the services rendered on her behalf.

A "motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract." *Ford v. Citizens and Southern National Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (citing *Adams v. Johns-Manville Corporation*, 876 F.2d 702, 709 (9th Cir. 1989)); *see also Village of Kaktovik v. Watt*, 689 F.2d 222, 230 (D.C. Cir. 1982). As the Court of Appeals for the District of Columbia adeptly explained:

> An agreement to settle a legal dispute is a contract. Each party agrees to extinguish those legal rights it sought to enforce through litigation in exchange for those rights secured by the contract. When plaintiffs assented to the settlement with the government, they gave up their legal right to determination on the merits of an award of attorneys' fees. In exchange, they received the Government's binding promise to pay a sum certain.

*Watt*, 689 F.2d at 230 (footnotes omitted).

Moreover, this court has inherent power to enforce settlement

agreements.² *See Ford v. Citizens and Southern National Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991). It has been long settled that "a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967).³ The former Fifth Circuit reasoned:

> Compromises of disputed claims are favored by the courts. [Citations omitted.] Where the parties, acting in good faith, settle a controversy, the courts will enforce the

---

² In *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 378, 114 S.Ct. 1673, 1675-76, 128 L.Ed.2d 391 (1994), the Supreme Court held that "[e]nforcement of [a] settlement agreement ... whether through [an] award of damages or [a] decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." In the present case, this court neither retained jurisdiction over the settlement agreement nor incorporated the terms of the agreement into the dismissal order (see Doc. No. 50 (order of dismissal entered October 30, 1998)), either of which would have vested the court with "ancillary jurisdiction to enforce the agreement...." *Kokkonen*, 511 U.S. at 380-81, 114 S.Ct. at 1677.
This court nevertheless has an independent basis for subject matter jurisdiction over the controversy, as plaintiff has sued the United States, and the amount in controversy is less than $10,000. Pursuant to 28 U.S.C. § 1346(a)(2):

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
> ...
> (2) Any other civil action or claim against the United States, <u>not exceeding $10,000 in amount</u>, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, <u>or upon any express or implied contract with the United States</u>....

28 U.S.C. § 1346(a)(2) (emphasis supplied). Had the amount in controversy exceeded $10,000, "[t]he Tucker Act vests exclusive jurisdiction over these claims in the United States Claims Court." *Reed v. United States*, 891 F.2d 878, 880 (11th Cir. 1990) (citing 28 U.S.C. § 1491)).

³ In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

compromise without regard to what the result might have been, or would have been, had the parties chosen to litigate rather than settle. ... "[A]n agreement of the parties settling a disputed liability is as conclusive of their rights as a judgment would be if it had been litigated instead of compromised."

*Id.* (quoting *J. Kahn & Co. v. Clark*, 178 F.2d 111, 114 (5th Cir. 1949)).

Because the parties have resolved all issues raised in plaintiff's motion to enforce the settlement agreement, the parties' joint motion for entry of consent order is due to be granted. Specifically, the parties have agreed that defendant will pay plaintiff an additional $8,525.00 in satisfaction of the balance of unpaid attorney's fees. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this **30th** day of November, 1999.

_____
United States District Judge